5/20/97

IN THE COURT OF APPEALS

OF THE

STATE OF MISSISSIPPI

NO. 95-KA-00622 COA

C.W. THOMAS III

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. ANDREW CLEVELAND BAKER

COURT FROM WHICH APPEALED: PANOLA COUNTY CIRCUIT COURT

ATTORNEYS FOR APPELLANT:

DAVID L. WALKER

JOHN D. WEDDLE

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: BILLY L. GOREDISTRICT ATTORNEY: ROBERT J. KELLY

NATURE OF THE CASE: CRIMINAL-FELONY

TRIAL COURT DISPOSITION: CONVICTED OF RAPE AND SENTENCED TO 15 YEARS, 3 YEARS SUSPENDED

MOTION FOR REHEARING FILED:5/29/97

CERTIORARI FILED: 7/25/97

MANDATE ISSUED: 9/26/97

BEFORE McMILLIN, P.J., DIAZ, AND SOUTHWICK, JJ.

SOUTHWICK, J., FOR THE COURT:

C.W. Thomas was convicted in the Panola County Circuit Court of rape and sentenced to serve fifteen years, with three years suspended. He appeals, arguing (1) the court erred in failing to require the prosecutor give gender-neutral reasons for its peremptory challenges, (2) the court erred in allowing the victim to testify that the defendant told her that he "shot some men up the tree," (3) the court erred in refusing to allow the defendant to cross examine the victim about prior sexual conduct, and (4) the verdict was against the overwhelming weight of the evidence. None of these allegations justify reversal, and we affirm.

## FACTS

There is evidence in the record to support the following: One Sunday evening, Patricia Thomas, a thirty five year old mother of two, went to her estranged husband's trailer home near Batesville. Her husband was not home. With the assistance of the defendant, C.W. Thomas, who lived nearby and was her husband's twenty three year old nephew, she entered the trailer. After helping Patricia get into the trailer, Thomas left and returned with a pistol, which he pointed at Patricia's head, and told her that he had wanted to have sex with her for a long time and to take off her clothes. Thomas then raped Patricia. Patricia testified that she pretended to enjoy it so that she could get the gun, which Thomas had put on the stove. When she attempted to grab the gun, Thomas threatened to "pop off [her] neck," and told her "shut up, you f--- everybody else." After he raped her, Thomas put the pistol in his pocket and took her over to his trailer so that she could call someone to pick her up.

Thomas's version was somewhat different. He testified that he took the unloaded gun to the trailer because he heard a noise which he thought might be a prowler. He found Patricia inside the trailer shuffling through papers. He admitted that he pointed the gun at her, but denied holding it to her head, and claimed that he told her to leave. He claimed that in an attempt to keep him from telling her husband that she was going through his things, she made sexual advances towards him and offered him sex. He testified that the two had consensual sexual intercourse, then Patricia smoked a cigarette, told him she would like to see him again, and called someone to pick her up.

Patricia's eighteen year old daughter picked her up, and testified that when Patricia got into the car, she was acting real scared and nervous. She testified that after her mother told her that Thomas had raped her, they went to the sheriff's office, then to the hospital so that Patricia could be examined.

Thomas was convicted of rape and sentenced to fifteen years, with three years suspended. It is from that conviction that he appeals.

## DISCUSSION

### I. Gender-neutral reasons for peremptory strikes

C.W. Thomas argues that the court erred in not requiring the State to give gender-neutral reasons for striking two male jurors. He argues that the State's strikes of two male jurors were based on gender, that the State should have been required to give gender-neutral reasons for the strikes, and that the court's failure to require them to do so was reversible error.

*J.E.B. v. T.B.*, 114 S.Ct 1419, 1421 (1994) held that gender, like race, is an unconstitutional proxy for juror competence and impartiality. However, the facts in this case do not justify anything but cursory consideration of Thomas's argument. The actual composition of the jury in this trial was seven women and five men. The State exercised four of its peremptory challenges, two against men and two against women. Thomas argues two men were improperly struck. The argument of gender-biased strikes is as equally valid, or more accurately invalid, if Thomas's point had been that the prosecution discriminated against women. We hold that the trial court correctly found the defendant failed to make a prima facie showing of intentional discrimination to require the State to explain the reasons for its challenges.

## II. Other crimes evidence

C.W. Thomas argues that testimony regarding another crime he committed should have been excluded under Rule 404(b) as improper character evidence. The testimony in question occurred during direct examination of Patricia, and is quoted as follows:

Q. (By Mr. Kelly) Did you and the defendant talk about anything or discuss anything during the time you called Scotty on the phone and the time your daughter arrived in the car?

A. Yes.

Q. What did y'all discuss and talk about?

A. He told me-- I asked him could I smoke me a cigarette, and he said yeah. And he told me that I didn't know Bozo -- that's my husband -- had a baby by someone else. And then I said how you know? He said he was in court when I was in court. He said I went to court, I had to go to court because I shot some men up the tree. And he say --

Mr. Walker: Your honor, I object to that based upon Mississippi Rule of Evidence 404(b), I believe.

Mr. Kelly: We're not accusing him of anything else. We're just trying to tell the jury what transpired until she was able to leave there.

Mr. Walker: Your Honor, that's alleging this gentleman committed other crimes, other unconvicted criminal activity.

The Court: You're testifying to a conversation you had with the defendant?

The Witness: Yes.

The Court: I overrule the objection. I think that's admissible.

Rule 103(a) of the Mississippi Rules of Evidence holds that "before error can be predicated at all

upon an adverse evidentiary ruling it must appear that a substantial right of the party is affected." *See Jackson v. State*, 594 So. 2d 20, 25 (Miss. 1992). If this answer included improper evidence of "other crimes," then, at best, it was harmless error.

In light of the fact that no further details of "the crime" were solicited and the ambiguous nature of the testimony, we find that no substantial right was affected.

## III. Prior sexual conduct of victim

C.W. Thomas argues that the court erred in refusing to allow him to cross examine the victim on prior sexual conduct. On direct examination, Patricia testified that Thomas told her prior to raping her, to "shut up, you f--- everybody else." The prosecutor then asked her if that was true to which she replied "no." Thomas argues that her denial of past sexual relations with "everybody else" opened the door for cross examination on that issue. He argues that by not permitting him to interrogate Patricia about her prior sexual behavior, the court denied his constitutional right to confront witnesses against him.

Under Rule 412(c)(1) of the Mississippi Rules of Evidence, opinion or reputation evidence of the victim's past sexual behavior is not admissible, unless it is used to prove the source of semen, pregnancy, disease, or injury, or it is past sexual behavior with the accused to show consent, or to show the victim has made false allegations of sexual offenses in the past. If a defendant plans to use evidence of specific instances of the victim's past sexual behavior, he must make a written motion to offer such evidence. In this case, no such motion was made, and there is nothing in the record indicating what would have developed on cross examination on this issue and what influence, if any, it would have had on the jury's assessment of the Patricia's credibility. M.R.E. 412(c)(1).

After a hearing outside the presence of the jury, the court held that Patricia's simple denial is not a waiver of Rule 412's procedures. The court held that Thomas would be allowed to cross examine the victim "on what he said to her and what her response was to it." This was a proper decision under the evidentiary rules.

## IV. Weight of evidence

Finally, C.W. Thomas argues the jury verdict was against the overwhelming weight of the evidence. He concedes that this court's scope of review on this issue is limited, that all credible evidence consistent with guilt must be accepted as true, and that the prosecution must be given the benefit of all favorable inferences. He argues, however, that this case must be reversed because when the evidence is considered, the only conclusion that reasonable and fair minded jurors could have reached is a "not guilty" verdict.

In support of this argument, Thomas argues that the only two witnesses to the alleged rape were he and Patricia, and that when the evidence is examined, it becomes obvious sex was consensual. His argument basically is that his story was as credible as hers, and was supported by the same number of witnesses -- one.

The jury is entitled to credit one witness over another. Our task on appeal is not to sit as jurors, but

to determine whether because the evidence was so overwhelmingly against the jury's verdict that an unconscionable injustice has occurred. *Groseclose v. State*, 440 So. 2d 297, 300 (Miss. 1983). The evidence was certainly not of that character, and this allegation of error is rejected.

**THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT OF CONVICTION OF RAPE AND SENTENCE TO FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THREE YEARS SUSPENDED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND PAYNE, JJ., CONCUR.**